Melissa Grant (SBN 205633)
Melissa.Grant@capstonelawyers.com
Robert J. Drexler, Jr. (SBN 119119)
Robert.Drexler@capstonelawyers.com
Molly DeSario (SBN 230763)
Molly.DeSario@capstonelawyers.com
Jonathan Lee (SBN 267146)
Jonathan.Lee@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 556-4811
Facsimile:   (310) 943-0396

Attorneys for Plaintiff

[Additional counsel listed on the following page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM MELENDEZ GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN CALIFORNIA PIZZA, COMPANY, LLC,<br><br>Defendant | Case No. _____<br><br>**COLLECTIVE ACTION COMPLAINT FOR**<br><br>(1) Violation of the Fair Labor Standards Act<br><br>Jury Trial Demanded |

{00291819 }

Page 1
COLLECTIVE ACTION COMPLAINT

Jeremiah Frei-Pearson (pro hac vice application forthcoming)
jfrei-pearson@fbfglaw.com
Bradley F. Silverman (pro hac vice application forthcoming)
bsilverman@fbfglaw.com
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
One North Broadway
Suite 900
White Plains, New York 10601
Telephone: (914) 298-3284
Facsimile: (914) 298-3284

Eric A. Grover (SBN 136080)
eagrover@kellergrover.com
KELLER GROVER LLP
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

Plaintiff Abraham Melendez Gonzalez ("Plaintiff") on behalf of himself and all others similarly situated persons, as and for his complaint against defendant Southern California Pizza Company LLC ("Defendant"), alleges as follows.

## INTRODUCTION

1. Defendant operates more than 225 Pizza Hut stores.

2. Delivery drivers for these stores use their own cars to make deliveries. In the course of performing such duties, these drivers incur expenses, including gas, insurance, and maintenance. However, Defendant does not track the expenses incurred by its delivery drivers, or even the miles they drive. Thus, Defendant does not reimburse drivers for their actual expenses.

3. Instead, Defendant pays drivers a flat, per delivery, rate that does not cover all the expenses they incur. Indeed, it represents only a fraction of the national average cost of driving a vehicle, as calculated by the Internal Revenue Service ("IRS"), American Automobile Association, and federal Bureau of Transportation Statistics.

4. Defendant's delivery drivers are paid minimum wage or near-minimum wage. However, when subtracting those expenses incurred by the delivery drivers in the course of performing their jobs, the delivery drivers' effective wages fall below the federal minimum wage.

5. This constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. § 203, *et seq*. ("FLSA").

6. Plaintiff is a former delivery driver for Defendant who was not paid an effective wage above the federal minimum wage. He now brings this action on behalf of himself and similarly situated delivery drivers for violation of the FLSA.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under the Constitution, laws, or treaties of the United States.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337(a) because Plaintiff asserts a claim arising under an Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

9. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) because Plaintiff asserts a claim under the FLSA and such action may be maintained against any employer in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

10. Venue is proper in this District under 28 U.S.C. § 1381(b) because it is a judicial district in which the defendant resides and a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

## PARTIES AND BACKGROUND

11. Plaintiff Abraham Melendez Gonzalez is a California resident. He was employed by Defendant as a delivery driver from 1999 to 2019.

12. Defendant Southern California Pizza Company, LLC is a Delaware limited liability corporation with a principal place of business in Orange, California.

## FACTUAL ALLEGATIONS

13. Defendant operates over 225 Pizza Hut stores.

14. Defendant requires delivery drivers to use their personal vehicles to deliver pizzas and other items on behalf of Defendant.

15. Defendant requires all of its delivery drivers to pay out-of-pocket to cover their vehicle expenses, including: insurance, gasoline, parts, fluids, repairs, maintenance services, and depreciation they incur in the course of performing their jobs.

16. However, Defendant does not track delivery drivers' actual expenses or the number of miles they drive.

17. As a result, Defendant does not reimburse delivery drivers for their actual expenses, or use a mileage reimbursement method involving a per-mile approximation of the cost of owning and operating an automobile (such as the established IRS mileage rate, or the rates calculated by the American Automobile Association or the federal Bureau of Transportation Statistics).

18. Instead, Defendant has a company-wide uniform policy of reimbursing delivery drivers at a flat, per-delivery, rate.

19. This flat rate does not fully reimburse delivery drivers for their actual expenses.

20. In fact, Defendant's flat rate results in reimbursements of less than half the IRS mileage rate.

21. Tellingly, Defendant reimburses its non-delivery driver employees at the IRS rate for driving expenses.

22. Defendant also reimburses delivery drivers for *non-delivery* trips to transfer materials between Pizza Hut stores at the IRS rate.

23. Yet, Defendant does not reimburse delivery drivers at the IRS rate for deliveries.

24. This allows Defendant to maximize its own profits and to shortchange delivery drivers that have virtually no bargaining power.

25. Plaintiff worked as a delivery driver for Defendant from 1999 to 2019.

26. Plaintiff worked approximately 30 hours per week making pizza deliveries for Defendant and was paid the California minimum wage.

27. Plaintiff made approximately 100 deliveries per week. Each delivery averaged 6.25 miles roundtrip. Plaintiff made approximately 3.33 deliveries per hour.

28. Plaintiff drove approximately 625 miles per week in making these deliveries for Defendant.

29. Therefore, Plaintiff drove approximately 20.8 miles for every hour he worked for Defendant.

30. In 2018, the IRS mileage rate was $0.545.

31. In 2018, under the IRS mileage rate, Plaintiff should have been reimbursed $11.34 per hour worked. In 2018 prior to July 1, 2018, Plaintiff was paid $12.00 per hour and was reimbursed at approximately $1.00 per delivery.

32. Therefore, Plaintiff was actually reimbursed approximately $3.33 per hour for expenses, which constitutes a shortfall of approximately $8.01 per hour from what Plaintiff should have been paid under the IRS mileage rate.

33. When subtracting the shortfall from Plaintiff's nominal wage of $12.00 per hour, Plaintiff received an effective wage of approximately $3.99 per hour.

34. From July 1, 2018 to the end of 2018, Plaintiff was paid nominal wages of $13.25 per hour, and he should have been reimbursed at approximately $11.34 per hour under the IRS mileage rate. Instead, Plaintiff received a flat delivery reimbursement of $1.00 per delivery, which translates to approximately $3.33 in reimbursement per hour. Plaintiff's reimbursement was thus short by $8.01.

35. Subtracting this shortfall from Plaintiff's wage of $13.25, Plaintiffs received an effective wage of $5.24.

36. In 2019, the IRS mileage rate was $0.58 per mile driven.

37. Therefore, under the IRS mileage rate, Plaintiff should have been reimbursed approximately $12.07 per hour worked.

38. Instead, Defendant reimbursed Plaintiff for his expenses at a flat rate of $1.00 per delivery performed for his driving expenses.

39. Therefore, Plaintiff was actually reimbursed approximately $3.33 per hour for expenses, which constitutes a shortfall of approximately $8.74 per hour from what Plaintiff would have been paid under the IRS mileage rate.

40. From January 1, 2019 to July 1, 2019, Plaintiff was paid $13.25 an hour. From July 1, 2019 to December 27, 2019, Plaintiff was paid $14.25 an hour.

41. When subtracting the vehicle reimbursement shortfall from Plaintiff's nominal wage of $13.25 per hour during the first half of 2019, Plaintiff received an effective wage of approximately $4.51 an hour.

42. When subtracting the vehicle reimbursement shortfall from Plaintiff's nominal wage of $14.25 an hour during the second half of 2019, Plaintiff received an effective wage of approximately $5.51 an hour.

43. The federal minimum wage is $7.25 per hour.

44. Plaintiff's effective wage was less than the federal minimum wage.

## FLSA COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings a collective action pursuant to 29 U.S.C. §216(b) on behalf of a proposed collective defined to include:

> All persons who are presently working or who, regardless of job title, have worked as a delivery driver for Southern California Pizza Company LLC in the United States at any time within the maximum limitations period (the "FLSA Collective").

46. Plaintiff reserves the right to modify the proposed collective definition at a later stage of litigation.

47. Plaintiff is a member of the proposed collective he seeks to represent because he worked for Defendant as a delivery driver during the relevant period and suffered the minimum wage violation alleged herein.

48. This action may be properly maintained as a collective action on behalf of the putative FLSA Collective because, during the relevant period:

      a.    Plaintiff and the FLSA Collective members had the same employer;

      b.    Plaintiff and the FLSA Collective members performed the same type of work;

      c.    Plaintiff and the FLSA Collective members were governed by the same compensation policies, practices, and systems;

      d.    Plaintiff and the FLSA Collective members were subjected to the same policies relating to the payment of supplemental wages to offset incurred expenses;

      e.    Plaintiff and the FLSA Collective members were governed by the same payroll policies, practices, and systems; and

      f.    Defendants' labor relations and human resources systems were centrally-organized and controlled, and controlled the policies and practices at issue in this case.

49.    Plaintiff estimates that the collective group, including both current and former employees over the relevant period, will include thousands of members. The precise number of members should be available from Defendants' personnel, scheduling, time and payroll records, and from input received from the FLSA Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b).

50.    Given the composition and size of the FLSA Collective, its members may be informed of the pendency of this action directly via U.S. mail, e-mail, and the posting of written notices at Defendant's work sites.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

### (On behalf of Plaintiff and the FLSA Collective)

51.    Plaintiff repeats and realleges each of the above-stated allegations as if they were fully set forth herein.

52. Defendant is an "employer," as defined by 29 U.S.C. § 203(d).

53. Plaintiff and the FLSA Collective members are "employees," as defined by 29 U.S.C. § 203(e)(1).

54. The wages Defendant paid to Plaintiff and the FLSA Collective members are "wages" as defined by 29 U.S.C. § 203(m).

55. The direct and supplemental wages Defendant paid to Plaintiff and the FLSA Collective members are "wages" as defined by 29 U.S.C. § 203(m).

56. Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

57. Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

58. Plaintiff has consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).  This consent is annexed hereto as **Exhibit A**.

59. Plaintiff and the FLSA Collective members are similarly situated individuals within the meaning of 29 U.S.C. §216(b) of the FLSA's requirements, and Plaintiff and the FLSA Collective members are covered employees entitled to the FLSA's protections.

60. Defendant violated the FLSA, 29 U.S.C. § 206(a)(1), by failing to pay Plaintiff and the FLSA Collective members the required minimum wage for each hour they worked.

61. Defendant acted willfully and with reckless disregard for clearly applicable FLSA provisions.

62. Defendant has no good faith justification or defense for failing to pay Plaintiff and the FLSA Collective members all wages mandated by the FLSA.

63. As a result of Defendant's FLSA violations, Plaintiff and the FLSA Collective members have been harmed.

64. Plaintiff and the FLSA Collective members are entitled to an award of unpaid wages, including overtime, liquidated damages, and interest due under the FLSA, as well as their reasonable attorneys' fees and costs of suit

## REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury for all alleged causes of action for which they are entitled.

Dated: April 28, 2021

By: /s/ Robert J. Drexler, Jr.
Melissa Grant
Robert J. Drexler, Jr.
Molly DeSario
Jonathan Lee
**CAPSTONE LAW APC**
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:   (310) 943-0396

Jeremiah Frei-Pearson (pro hac vice application forthcoming)
jfrei-pearson@fbfglaw.com
Bradley F. Silverman (pro hac vice application forthcoming)
bsilverman@fbfglaw.com
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
One North Broadway
Suite 900
White Plains, New York 10601
Telephone: (914) 298-3284
Facsimile: (914) 298-3284

Eric A. Grover (SBN 136080)
eagrover@kellergrover.com
KELLER GROVER LLP
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

*Attorneys for Plaintiff*